# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0385. JHON LEIGH PROPERTIES, INC. v. BERIS DAVIS.

On June 17, 2024, Jhon Leigh Properties, Inc., ("Jhon Leigh") filed this application seeking discretionary review of an order from state court granting Beris Davis's motion to strike or dismiss garnishee's motion to modify default judgment. We, however, lack jurisdiction.

While Jhon Leigh asserts that the trial court order was entered on May 17, 2024, both the trial court's signature and the clerk's stamp show the order was filed on May 14, 2024. An order is entered on the date that it is filed with the clerk of the trial court. OCGA § 5-6-31; see *Irving v. State*, 367 Ga. App. 814, 815 (888 SE2d 591) (2023) ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of the Appellate Practice Act") (emphasis and punctuation omitted). OCGA § 5-6-35 (d) requires an application for discretionary appeal to be filed with the clerk of the Court of Appeals within 30 days of the entry of the order, decision, or judgment sought to be appealed. The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Jhon Leigh's application was not filed until 34 days after the entry of the order it seeks to appeal. Because the application is untimely, we are without jurisdiction to consider it.

Accordingly, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  07/11/2024

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.